MMB
$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD McCAFFERETY,<br>for himself and all others similarly situated,<br>Plaintiff,<br>v.<br><br>HOLOD'S GARDEN CENTER, INC.,<br>LOUIS HOLOD, SR. and LOUIS HOLOD, JR.,<br>Defendants. | Case No. 18  3458<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>AUG 1 5 2018<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Edward McCafferety ("Plaintiff"), by and through his undersigned attorneys, hereby makes the following allegations against Holod's Garden Center, Inc., Louis Holod, Sr. and Louis Holod, Jr. (collectively "Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of his counsel:

### NATURE OF THE ACTION

1.  Plaintiff brings this action to redress Defendants' common policies and practices that: 1) automatically deduct 30 minutes from Associates' daily time for an unpaid meal break without any consideration for their frequent meal break work; and 2) consistently round Associates' time punches in Defendants' favor. Both of these practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") as described fully below.

2.  Plaintiff brings his FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who have worked as hourly employees of Holod's Garden Center, Inc. during the maximum limitations period (the "FLSA collective").

1

3. Plaintiff brings his PMWA claims on a class action basis pursuant to Fed. R. Civ. P. 23 for all Pennsylvania residents who have worked as hourly employees of Holod's Garden Center, Inc. in the past three years (the "putative Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

5. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff Edward McCafferety is an individual who resides in Philadelphia County, PA. From October 2017 to June 2018, Mr. McCafferety worked as an hourly Associate for Defendants' Holod's True Value Home store in Lafayette Hill, PA. Throughout this time, Mr. McCafferety worked 40 or more hours per week, had 30 minutes automatically deducted from his daily time for a meal break he rarely got and consistently had his time punches rounded in Defendant's favor. Mr. McCafferety is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation. *See* Exhibit A.

8. Holod's Garden Center, Inc. is a Pennsylvania Business Corporation that, throughout the relevant period, has owned and operated Holod's True Value Home (a garden, hardware and rental center) and Holod's Gifts Plus (an all-occasion gift store), both of which are located at 700 Ridge Pike in Lafayette Hill, PA) (the "Stores").

9. Louis Holod, Sr. and Louis Holod, Jr. are the owners of Holod's Garden Center, Inc. and the operators and managers of the Stores. Throughout the relevant period, Louis Holod, Sr. and Louis Holod, Jr. have been involved in the day-to-day business operation of the Stores, exercised operational control over the Stores and controlled significant business functions of the Stores, including: determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts, tracking the hours and paying the wages at issue in this matter and acting for Holod's Garden Center, Inc. to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action.

## BACKGROUND FACTS

10. The Stores are open from 7:00 a.m. to 9:00 p.m. Monday through Friday (14 hours per day), 7:00 a.m. to 8:00 p.m. on Saturday (13 hours) and 7:00 a.m. to 6:00 p.m. on Sunday (11 hours).

11. Defendants employ Associates to work in the Stores, assist customers, take inventory, stock shelves, clean the premises and provide excellent customer service.

12. Defendants maintain common timekeeping and compensation policies and practices for all hourly Associates.

13. Under these common policies and practices, Defendants typically schedule Associates for five 8-hour shifts per week. Each shift includes 7½ work hours and a ½-hour unpaid meal break.

14. Defendants require Associates to punch-in on a timeclock at the start of their shift and punch-out at the end of their shift.

15. Defendants pay Associates a straight-time rate of about $12.00-$13.00 per hour for their 7½ work hours each shift but always treat the ½-hour meal break as unpaid time and have

3

never paid any wages for work done during meal breaks.

16. Since Associates' meal breaks are unpaid, Defendants usually allow Associates to work as many as 2½ extra hours per week and earn up to 40 hours' wages per week (excluding their 2½ hours of meal break time).

### Unpaid Meal Break Work Overtime Violation

17. Although Defendants promise Associates one unpaid ½-hour meal break per shift, it is almost impossible for Associates to take these meal breaks because Defendants: give Associates more work than can reasonably be completed during their assigned shift; require Associates to prioritize their work responsibilities over their ability to take a meal break; do not assign dedicated relief workers to free Associates from their duties so they can take an uninterrupted meal break; and routinely schedule fewer Associates to work each shift than their business requires, particularly during the hours Associates would normally try to take a meal break.

18. Defendants have never told their Associates they could track their missed or interrupted meal breaks, allowed their Associates to record their missed and interrupted meal breaks on the time clock, or maintained any procedure for Associates to track their missed or interrupted meal breaks.

19. Defendants have never told their Associates they could request pay for their missed or interrupted meal breaks, maintained any procedure for Associates to claim pay for their missed or interrupted meal breaks, or paid any Associate for his or her meal break work.

20. Instead, Defendants automatically deduct 30 minutes from every shift their Associates work, representing their unpaid meal break, without any consideration for whether their Associates received a full meal break, an interrupted meal break, or no meal break at all.

21.     As a result, Defendants' Associates routinely work through their meal breaks and experience interrupted meal breaks, have no way to track, submit, or request pay for this work and are not paid any wages for their meal break work.

22.     Plaintiff has repeatedly discussed these issues with Defendants, his managers and other Associates as part of Defendants' day-to-day operations. By virtue of these discussions and discussions with other employees, Defendants are well aware that they are receiving as much as 2½ hours unpaid work time from each Associate for free and have no interest in doing anything to change this situation.

23.     Some or all of the wages Defendants owe for their Associates' meal break work are payable at an overtime premium rate in any week their Associates were paid for more than 37½ hours.

## Time Rounding Overtime Violation

24.     Defendants require Associates to punch-in at the timeclock to start their shift and punch-out at the timeclock to end their shift.

25.     Defendants consistently round these punches in their favor as follows:

   a.     if an Associate punches-in to start work early (*i.e.,* 8:45 a.m. for a shift scheduled to start at 9:00 a.m.), no time is added to his daily hours and he is paid as if he arrived on time (*i.e.,* 9:00 a.m.); and

   b.     if an Associate punches-in to start work more than four minutes late (*i.e.,* 9:05 a.m. for a shift scheduled to start at 9:00 a.m.), his daily hours are rounded back to the next half-hour (*i.e.,* 9:30 a.m.) and his pay is docked;

   c.     if an Associate punches-out from work late (*i.e.,* 5:15 p.m. for a shift scheduled to end at 5:00 p.m.), no time is added to his daily hours and he is paid as

if he left on time (*i.e.*, at 5:00 p.m.); and

        d.    if an Associate punches-out from work more than four minutes early (*i.e.*, 4:55 p.m. for a shift scheduled to end at 5:00 p.m.), his daily hours are rounded back to the next half-hour (*i.e.*, 4:30 p.m.) and his pay is docked.

26.    Defendants rounding system only works in their favor, by reducing the number of hours for which they pay their Associates.

27.    Plaintiff has repeatedly discussed these issues with Defendants, his managers and other Associates as part of Defendants' day-to-day operations. By virtue of these discussions and discussions with other employees, Defendants are well aware that they are benefitting from their time rounding practices and have no interest in doing anything to change this situation.

28.    Some or all of the wages Defendants owe as a result of their one-sided rounding practices are payable at an overtime premium rate in any week an Associate whose time was rounded down was paid for more than 37½ hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.    Plaintiff brings his FLSA claims for himself and all hourly employees of Holod's Garden Center, Inc. during the maximum limitations period (the "FLSA collective").

30.    Plaintiff belongs to the FLSA collective he seeks to represent, because he worked as an hourly employee of Holod's Garden Center, Inc. during the relevant period.

31.    The FLSA collective is "similarly situated," as defined by 29 U.S.C. § 216(b), because its members were subjected to the Company-wide policies and practices described herein.

32.    Plaintiff estimates that the FLSA Collective may include up to one hundred members. Defendants' payroll and personnel records, among other documents should reveal the total number of people who qualify to participate in the FLSA Collective.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

33.     Plaintiff brings his PMWA claims for claims for himself and all Pennsylvania residents who have worked as hourly employees of Holod's Garden Center, Inc. since July __, 2015 (the "putative Class").

34.     Class treatment of Plaintiff's PMWA claims is appropriate because the putative Class satisfies the requirements of Fed. R. Civ. P. 23.

35.     The putative Class is so numerous that joinder of all its members would be impracticable. Plaintiff estimates that the PMWA Class may include up to one hundred members.

36.     Plaintiff's claims are typical of the claims of putative Class members, and he has no interests that are antagonistic to, or in conflict with, the interests of the putative Class.

37.     There are many questions of law and fact common to the claims of the putative Class members because, *inter alia*, this action concerns the legality of the Company-wide compensation policies and practices described herein. The legality of these policies will be demonstrated by applying generally applicable legal principles to common evidence.

38.     Plaintiff will fairly and adequately represent the interests of the putative Class members and has retained competent and experienced counsel for this purpose.

39.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual Class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

40.     Allowing Plaintiff's Pennsylvania wage law claims to proceed as a class action will be superior to requiring the individual adjudication of each Class member's claim, since requiring about one hundred hourly-paid employees to file and litigate individual wage claims would cause

an undue burden on the Class members, Defendants and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each Class member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for Plaintiff to bring individual claims. Further, the presentation of separate actions by individual Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Class members to protect their interests.

## COUNT I
## VIOLATION OF THE FLSA
## Unpaid Meal Break Work Overtime Violation

41. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

42. Defendants are "employers" as defined by 29 U.S.C. § 203(d).

43. Plaintiff and the FLSA collective members are "employees" as defined by 29 U.S.C. § 203(e)(1).

44. The wages Defendants pay to Plaintiff and the FLSA collective are "wages" as defined by 29 U.S.C. § 203(m).

45. Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

46. Plaintiff and the FLSA collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

47. 29 U.S.C. § 216(b) expressly allows private Plaintiff to bring collective actions to enforce an employers' failure to comply with their requirements.

48. Throughout the relevant period, Defendants have been obligated to comply with the FLSA's requirements, Plaintiff and the FLSA collective members have been covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA collective members have not been exempt from receiving wages required by the FLSA for any reason.

49. 29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

50. Defendants have intentionally violated this provision of the FLSA through common, Company-wide policies and practices that include: promising Associates one 30-minute meal break per shift; automatically deducting 30 minutes from Associates' daily hours worked without giving any consideration to whether an Associate actually received a full meal break, experienced an interrupted meal break, or had no meal break at all; failing to maintain an accurate contemporaneous record of Associates meal break work; failing to include Associates' meal break time in their weekly hours worked; and failing to pay Associates at an overtime rate for their meal break work where appropriate.

51. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

52. Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendants derived a direct and substantial benefit.

### COUNT II
### VIOLATION OF THE PMWA
### Unpaid Meal Break Work Overtime Violation

53. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

54. PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek. *See* 43 P.S. § 333.104(c).

55. Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days". *See* 34 Pa. Code § 231.42.

56. Throughout the relevant period, PMWA Section 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each." *See* 43 P.S. § 333.108.

57. Defendants have intentionally violated these provisions of the PMWA through common, Company-wide policies and practices that include: promising Associates one 30-minute meal break per shift; automatically deducting 30 minutes from Associates' daily hours worked without giving any consideration to whether an Associate actually received a full meal break, experienced an interrupted meal break, or had no meal break at all; failing to maintain an accurate contemporaneous record of Associates meal break work; failing to include Associates' meal break time in their weekly hours worked; and failing to pay Associates at an overtime rate for their meal break work where appropriate.

58. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for Plaintiff's and the putative Class members' rights under the PMWA.

59. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the putative Class members all wages mandated by the PMWA.

60. Plaintiff and the putative Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages for overtime-eligible they performed from which Defendants derived a direct and substantial benefit.

## COUNT III
## VIOLATION OF THE FLSA
### Time Rounding Overtime Violation

61. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

62. 29 C.F.R. § 785.48(b) prohibits employers from engaging in time rounding practices unless they are: "used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."

63. Defendants have intentionally violated this provision of the FLSA's enabling Regulations through common, Company-wide policies and practices that include: consistently rounding Associates' early and late time punches in their favor, subtracting time from Associates' total hours worked and reducing the number of overtime hours for which they pay their Associates.

64. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

65. Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime

premium wages owed for overtime-eligible work they performed and from which Defendants derived a direct and substantial benefit.

## COUNT IV
## VIOLATION OF THE PMWA
## Time Rounding Overtime Violation

66. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

67. Defendants have intentionally violated the PMWA's overtime pay requirement through common, Company-wide policies and practices that include: consistently rounding Associates' early and late time punches in their favor, subtracting time from Associates' total hours worked and reducing the number of overtime hours for which they pay their Associates.

68. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for Plaintiff's and the putative Class members' rights under the PMWA.

69. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the putative Class members all wages mandated by the PMWA.

70. Plaintiff and the putative Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages for overtime-eligible work they performed from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a. Certifying this matter to proceed as a collective action with respect to Counts I and III and as a class action with respect to Counts II and IV;

    b. Approving Plaintiff as an adequate Class representative;

    c. Appointing Stephan Zouras, LLP to serve as Class Counsel;

d.  Finding Defendants willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiff and the collective / class members;

e.  Granting judgment in favor of Plaintiff and the collective / class members against Defendants, and each of them, jointly and severally, on Counts I-IV;

f.  Awarding all available compensatory damages in amounts to be determined;

g.  Awarding all available liquidated damages in amounts to be determined;

h.  Awarding pre-judgment interest on all compensatory damages due;

i.  Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j.  Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

k.  Awarding any further relief the Court deems just, necessary and proper; and

l.  Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## JURY DEMAND

Plaintiff demand a jury trial as to all claims so triable.

Respectfully Submitted,

Dated: August 15, 2018

/s/ David J. Cohen
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras (*pro hac* forthcoming)
Ryan F. Stephan (*pro hac* forthcoming)
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
312-233-1550

*Attorneys for Plaintiff and the Putative Class and Collective Members*

## CONSENT TO JOIN COLLECTIVE ACTION

*McCafferety v. Holod's Agrden Center, Inc., et al.*
United States District Court, Eastern District of Pennsylvania

**Complete and Return To:**
STEPHAN ZOURAS, LLP
Attn: Hahnemann Overtime Action
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601
Phone: 312-233-1550
Fax: 312-233-1560
E-mail: lawyers@stephanzouras.com

By signing below, I affirm that: I worked as a full-time hourly employee at Holod's Garden Center, Inc. within the past three years; I experienced interrupted meal breaks for which I was not paid any wages; and I was subjected to time rounding practices that only benefitted my employer.

I consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

I designate Stephan Zouras, LLP and other attorneys with whom they may associate to represent me for all purposes of this action.

I designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, settlement, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

_14 August 18_
Date

_Edward J McCafferty_
Signature

_EDWARD J. Mc CAFFERTY_
Print Name

** *This Second Page Will Not Be Filed With the Court* **